OPINION
Appellant, Mark R. Wilson ("Wilson"), appeals from the Lake County Court of Common Pleas Judgment Entry of Sentence entered on November 19, 1998. Wilson was given the maximum sentence on five separate charges, to run consecutively, resulting in an aggregate sentence of forty-five years to life. Wilson was born on January 30, 1963.
On August 21, 1998, Wilson was indicted on the following charges: Count One, Rape, an aggravated felony of the first degree, for engaging in sexual conduct (fellatio) with a minor child (a male) less than thirteen years old, Wilson having purposely compelled the minor to submit by force or the threat of force; Count Two, Rape, an aggravated felony of the first degree, for engaging in sexual conduct (anal intercourse) with a minor child (a male) less than thirteen years old, Wilson having purposely compelled the minor to submit by force or the threat of force; Count Three, Gross Sexual Imposition, a third degree felony, for having or causing a child less than thirteen years old to have sexual contact with him; Count Four, Rape, a felony of the first degree, with a specification that the offender is a sexually violent predator, for engaging in sexual conduct (fellatio) with a minor child (a male) less than thirteen years old, Wilson having purposely compelled the minor to submit by force or the threat of force; Count Five, Rape, a felony of the first degree, with a specification that the offender is a sexually violent predator, for engaging in sexual conduct (anal intercourse) with a minor child (a male) less than thirteen years old, Wilson having purposely compelled the minor to submit by force or the threat of force; Count Six, Gross Sexual Imposition, a third degree felony, with a specification that the offender is a sexually violent predator, for having or causing a child less than thirteen years old to have sexual contact with him; Count Seven, Gross Sexual Imposition, a third degree felony, with a specification that the offender is a sexually violent predator, for having or causing a child less than thirteen years old to have sexual contact with him; Count Eight, Gross Sexual Imposition, a third degree felony, with a specification that the offender is a sexually violent predator, for having or causing a child less than thirteen years old to have sexual contact with him.
On October 20, 1998, Wilson entered a written plea of guilty to Counts One, Two, Four, Five and Seven. The language "[t]he said Mark R. Wilson purposely compelled the minor to submit by force or threat of force" was stricken from counts One, Two, Four and Five. There were three separate victims of these crimes. He pled by way of North Carolina v. Alford (1970), 400 U.S. 25, denying that he had committed the crimes. At the time of sentencing, the court had before it the probation department's presentence report, a psychiatric evaluation of Wilson, sentencing memorandum, victim's impact statements, and the charges themselves. The court indicated for the record that it had reviewed all of these materials.
Counts One and Two (rapes) indicate the offenses occurred within the calendar years of 1989 and 1990. The information before the court indicates that the victim of Counts One and Two was the son of Wilson's girlfriend, and that there were multiple encounters of a sexual nature that occurred from when the boy was four and continuing until he was fifteen. In 1989 and 1990, the boy was nine and ten years old, respectively.
The offenses alleged in Counts Four and Five (rapes) occurred between June and August of 1997. The victim was the seven-year old grandson of Wilson's girlfriend. Again, the information before the court indicated there were multiple encounters of a sexual nature.
The victim of the crime in Count Seven was an eleven-year old boy whom Wilson had lured into contact with him by using a CB radio. Wilson convinced the boy he needed assistance taking showers because he was dizzy as the result of having colon cancer. During these showers, Wilson fondled the boy and became aroused.
Wilson had a prior conviction for Attempted Gross Sexual Imposition in 1991. In that case, Wilson had sexual contact with two brothers, ages ten and eleven. He took a shower with the boys and had them masturbate him. Wilson denied committing that offense. Wilson was sentenced on November 6, 1991, to eighteen months in prison (which was suspended), three years probation, ninety days incarceration with work release, and counseling. At the sentencing hearing for the present case on November 19, 1998, the court noted that sexual encounters with the victim of Counts One and Two were occurring while Wilson was on probation for the 1991 conviction, and while he was receiving counseling.
At the sentencing hearing, in reference to Senate Bill 2, whether his crimes constituted the worst form of the offenses, the court stated a number of aggravating factors that increased the seriousness of the offenses. First, that the victims were young, ages ten, seven, and eleven years old. Second, that one was a son, and another a grandson, of his girlfriend. Consequently, he was in a position of trust with these children, and his relationships with the victims facilitated the offense. Third, that he met the victim of Count Seven by CB radio and played on his sympathy with a claim of colon cancer to lure him into the (sexual) situation. Fourth, that the victims suffered serious psychological harm.
The court also found that recidivism is likely. The court found he is likely to commit future offenses because he committed sexual offenses while under community control sanctions for a sexual offense. The court noted, to Wilson's discredit, that Wilson denied guilt of both the prior offense and current offenses. Also, the court noted that rehabilitation had been a total failure and counseling was ineffective, because Wilson continued a sexual relationship with at least one boy throughout the period he was undergoing counseling for the 1991 offense.
The court found, pursuant to R.C. 2929.14(B), that the shortest prison term would demean the seriousness of the offenses, and not adequately protect the public from future crime by the defendant. The court found Wilson had committed the worst form of the offense, and that Wilson poses the greatest likelihood of recidivism. The court stated that had Wilson gone to trial, based upon the testimony of the victims, he would be looking at a life sentence without the possibility of parole. The court stated "[i]n all my years on the bench, I have never seen a more horrendous crime, not only the rapes, but in reading the victim impact statement, the destruction of these lives, these young people." This is the statement of a judge with twenty-five years experience on the common pleas bench. Amongst the statements which the court reviewed prior to sentencing was that of the seven-year old, who scrawled out in writing typical of a seven-year old, "Mark made me put his penis [sic.] in my mouth and made me put my penis in his mouth. also [sic.] he put his pinis [sic.] in my butt." Thus, although the language that Wilson compelled the children to submit to the rapes by force or threat of force was dropped from those charges in the plea bargain, the court properly reviewed and considered this statement in contemplating whether Wilson committed the worst form of the offense.
Counts One and Two were pre-Senate Bill 2 offenses, and carried potential sentences of from five to ten years (minimum) to twenty-five years (maximum) incarceration. Counts Four and Five were Senate Bill 2 offenses, and carried potential sentences of from three to ten years (minimum) to life (maximum) incarceration. Count Seven carried a potential sentence of from two to five years (minimum) to life (maximum) incarceration. As Counts Four, Five, and Seven contained sexually violent predator specifications under R.C. 2941.148, it is required under R.C. 2971.03 that the minimum sentences for them be aggregated and served consecutively. The court sentenced Wilson to ten to twenty-five years on Count One, and the same for Count Two, to be served consecutively, for a total of twenty to fifty years. The court sentenced him to ten years to life on Count Four, the same for Count Five, also to be served consecutively, for a total of twenty years to life. On Count Seven, he was sentenced to five years to life, also to be served consecutively. The aggregate sentence is forty-five years to life. From this judgment, Wilson timely filed notice of appeal, assigning the following error:
 "The trial court abused its discretion by sentencing the defendant-appellant to the maximum term of imprisonment for two aggravated first degree felonies, two first degree felonies and one third degree felony."
Wilson argues he should not have received the maximum sentence. He states a trial court has a duty to consider both the aggravating and mitigating factors when it sentences an offender, and claims that was not done in his case. A failure to weigh these factors constitutes an abuse of discretion. Specifically, Wilson points out, the court must consider the statutory factors set forth in R.C. 2929.12. A court must also consider any other relevant factors, and be guided by the overriding purposes of felony sentencing, which is to protect the public from future crime by the offender and others, and to punish the offender. Wilson points out that the maximum sentence can only be imposed upon certain types of offenders, including those who committed the worst form of the offense, and those who pose the greatest likelihood of recidivism.
Wilson argues he did not commit the worst form of the offense. In support of this argument, Wilson cites several cases wherein the offender was found to have committed the worst form of the offense. While the crimes in those cases were horrible, the examples do little to mitigate the terrible nature of Wilson's crimes. In the final analysis, the only thing Wilson can say about his crimes, and the only thing he did say, is that at least he did not kill his victims. He argues he should not be sentenced as if he had.
Addressing the issue of whether he poses the greatest likelihood of committing future crimes, Wilson cites two cases in which the offender had a worse prior conviction record than he did, arguing that, by comparison, he is not that bad. Also, Wilson argues the statutory factors set forth in R.C. 2929.12(E) weigh in his favor. Wilson argues the offenses in this case were committed under circumstances not likely to recur. He also claims that he is truly remorseful, which he claims was demonstrated by sparing the victims the ordeal of a trial. Wilson also states that upon his release from prison he would submit to constant supervision and would likely be on parole for the rest of his life. Therefore, he argues, the requirements of the statute were not met, and the imposition of the maximum sentence was not warranted.
Because the offenses in Counts One and Two were committed in 1989 and 1990, the propriety of the sentence is governed by pre-Senate Bill 2 law, whereas Counts Four, Five and Seven are governed by the Senate Bill 2 guidelines. Appropriately, the court stated at the beginning of the sentencing hearing that it had reviewed the relevant statutes, both pre-Senate Bill 2 and 269, and Senate Bill 2 and 269, R.C. 2951.02, R.C. 2929.11, and other related sections and applicable factors. We shall address Counts One and Two under pre-Senate Bill 2 law first.
Wilson was given the maximum sentence on both Counts One and Two. The imposition of sentence upon a criminal defendant is a matter which lies within the sound discretion of a trial court, and as a general proposition, an appellate court will not alter the trial court's exercise of that discretion if the imposed sentence falls within the statutory limits. State v Conroy (Dec. 17, 1993), Geauga App. No. 92-G-1735, unreported at 4, citing:Toledo v. Reasonover (1965), 5 Ohio St.2d 22. "A trial court has broad discretion in sentencing a defendant and a reviewing court will not interfere with the sentence unless the trial court abused its discretion. However, in exercising its discretion, the trial court must consider the factors set forth in R.C. 2929.12." Statev. Yontz (1986), 33 Ohio App.3d 342, 343. Wilson argues the court abused its discretion by failing to consider the statutory factors in determining his sentence. The pre-Senate Bill 2 version of R.C. 2929.12 reads as follows:
 "(A) In determining the minimum term of imprisonment to be imposed for a felony for which an indefinite term of imprisonment is imposed, the court shall consider the risk that the offender will commit another crime and the need for protecting the public from the risk; the nature and circumstances of the offense; the victim impact statement prepared pursuant to section 2947.051 [2947.05.1] of the Revised Code, if a victim impact statement is required by that section; any statement by the victim pursuant to section 2930.14 of the Revised Code; and the history, character, and condition of the offender and his need for correctional or rehabilitative treatment.
 (B) The following do not control the court's discretion, but shall be considered in favor of imposing a longer term of imprisonment for a felony for which an indefinite term of imprisonment is imposed:
(1) The offender is a repeat or dangerous offender;
 (2) Regardless of whether the offender knew the age of the victim, the victim of the offense was * * * less than eighteen years of age at the time of the commission of the offense;
 (3) The victim of the offense has suffered severe social, psychological, physical, or economic injury as a result of the offense.
 (C) The following do not control the court's discretion, but shall be considered in favor of imposing a shorter minimum term of imprisonment for a felony for which an indefinite term of imprisonment is imposed:
 (1) The offense neither caused nor threatened serious physical harm to persons or property, or the offender did not contemplate that it would do so;
 (2) The offense was the result of circumstances unlikely to recur;
 (3) The victim of the offense induced or facilitated it;
 (4) There are substantial grounds tending to excuse or justify the offense, though failing to establish a defense;
(5) The offender acted under strong provocation;
 (6) The offender has no history of prior delinquency or criminal activity, or has led a law-abiding life for a substantial time before commission of the present offense;
 (7) The offender is likely to respond quickly to correctional or rehabilitative treatment.
 (D) The criteria listed in divisions (B) and (C) of this section do not limit the matters that may be considered in determining the minimum term of imprisonment to be imposed for a felony for which an indefinite term of imprisonment is imposed."
It is evident from the transcript of the sentencing hearing that the court did consider these statutory factors. The court indicated it considered Wilson a high risk to the community of committing further crimes because he was committing sexual offenses while on probation for committing a sexual offense, and that the rehabilitative treatment he received was a total failure. It indicated it considered this to be the most horrendous crime it had ever seen, in light of the victims' impact statements. It noted Wilson is a repeat offender, that there were multiple victims under the age of thirteen, and that the victims had suffered severe psychological injuries as a result of the offenses. Furthermore, as the prosecution pointed out, none of the mitigating factors set forth in Division (C) are present, notwithstanding Wilson's contrary argument. It is evident from the transcript of proceedings that the court considered the mitigating factors as well as the aggravating factors. The court did not abuse its discretion by failing to consider the necessary statutory factors prior to imposing sentence on Counts One and Two. As the sentence falls within the statutory limits, we will not disturb it.
Addressing the offenses sentenced pursuant to Senate Bill 2, Counts Four, Five and Seven, under R.C. 2953.08, which governs appeals from felony sentences, our review is de novo. In relevant part, R.C. 2953.08(G) provides a reviewing court may modify a felony sentence if it finds by clear and convincing evidence one of the following: "(a) [t]hat the record does not support the sentence; (b) * * *; (c) * * *; or (d), [t]hat the sentence is otherwise contrary to law." Pursuant to R.C.2953.08(F), our review of the record shall include any presentence, psychiatric, or other investigative report submitted to the court in writing prior to the imposition of sentence, and any oral or written statements made to or by the court at the sentencing hearing. We have reviewed the documents in the record, including the presentence report, the psychiatric evaluation, and the victim's impact statements.
Wilson was given the maximum sentence on Counts Four, Five and Seven. R.C. 2929.14(C) limits the discretion of courts to impose a maximum sentence to imposing it only on defendants who fall into one of the four following categories: 1) those who committed the worst form of the offense; 2) those who pose the greatest likelihood of committing future crimes; 3) upon certain major drug offenders; 4) upon certain repeat violent offenders. In the present case, the court found the defendant fit into both the first and second category. The defendant need only fall into one of these categories to justify the imposition of the maximum sentence. Therefore, in the event this court affirms the finding with respect to one category only, the absence of finding Wilson fell into the other category would constitute harmless error.
The court, on imposing sentence, found Wilson committed the "worst form of the offense." While this court has some reservations about the appropriateness of this criteria due to its necessarily subjective and potentially arbitrary application, and the amount of litigation it consequently engenders, Wilson's case presents little difficulty. Statutory law does not, nor can it, exactly define the phrase "worst form of the offense." To determine whether an offender committed the worst form of an offense, the trial court should consider the totality of the circumstances. State v. Garrard (1997), 124 Ohio App.3d 718. Additionally, R.C. 2929.12 provides a non-exclusive list of factors to consider in determining whether the defendant committed the worst form of the offense and also whether the defendant is likely to be a repeat offender. When considering the worst form of a crime, it is imperative the court only consider the specific crime committed. A court must be wary of considering a factor which would convert the crime to a different, more serious offense. The court must consider the factors that make the offense more serious, not factors that might result in a more serious offense.
The court specifically stated two of the factors set forth in R.C. 2929.12(B) were present, and a third was implicit in its findings. First, the victims of the crimes suffered serious psychological harm as a result of the crimes. Second, Wilson's relationship with the children facilitated the offense. As the boyfriend of a victim's mother, and another's grandmother, he was in a position of trust with these children. He befriended the third victim over the CB radio and played on his sympathy and naivete. Third, the mental injury was exacerbated by the young ages of the victims. Wilson points out that he did not kill the victims. This type of argument does not conform the analysis to the worst form of rape, which is the question before the court, rather it speaks to what might be the worst form of murder. In any case, had Wilson killed them, he arguably would have committed the worst form of murder. These rapes are so offensive that language seems an inadequate tool to express the appropriate outrage. Forty-five years to life captures the sentiment more effectively. The crimes were despicable.
It is evident from the record that the court considered the statutory factors, as it stated two of them for the record. In considering the totality of the circumstances and other relevant factors as well, we cannot say the court abused its discretion in determining Wilson committed the worst form of the offense and appropriately imposed the maximum sentence.
With respect to whether Wilson posed the greatest likelihood of committing future crimes, it is evident from the record the court did consider the relevant statutory factors prior to the imposition of sentence. Those factors are set forth in R.C. 2929.12, Divisions (D) and (E). First, the prosecutor and the court noted for the record that Wilson was committing sexual offenses against one victim while he was under community control sanctions. It must be noted, however, that these alleged offenses were not the offenses charged in this case. Second, Wilson had a prior conviction. Third, as the court stated, the fact the crimes alleged in Counts Four, Five and Seven occurred after his conviction for Gross Sexual Imposition, and after the state attempted to rehabilitate Wilson by requiring counseling, indicates that he did not respond favorably to rehabilitation or previous sanctions. Fourth, Wilson did not show genuine remorse for the offenses. While there is information in the record indicating Wilson was extremely tearful on occasion, the fact is he continued to deny he committed the crimes. One cannot be considered to be genuinely remorseful for an act which they deny committing. Such a person professes to have nothing to be remorseful about. Although he had only one prior conviction, Wilson can in no way claim to have led a law abiding life. He was, in essence, a serial child rapist. This is evident from the victim impact statements and the presentence report, both which the court reviewed prior to sentencing. The court found the offense was committed under circumstances likely to reoccur, in that the offenses were committed over a seven-year period during which time he was undergoing counseling. Rehabilitation had been a total failure. We cannot say the court abused its discretion. Nor do we find by clear and convincing evidence that the sentence is not supported by the record or is otherwise contrary to law.
The judgment of the trial court is affirmed in all respects.
 _____________________________ JUDGE WILLIAM M. O'NEILL
FORD, P.J., concurs, CHRISTLEY, J., concurs in judgment only.